EDWIN L. BRAXTON, PLAINTIFF, v. WEST JERSEY AND SEASHORE RAILROAD COMPANY, DEFENDANT.

Argued May 3d, 1928—Decided January 16, 1929.

Before GUMMERE, CHIEF JUSTICE, and Justices PARKER and KATZENBACH.

For the rule, *Bourgeois & Coulomb*.

*Contra, Albert S. Woodruff*.

PER CURIAM.

This case is before this court upon a defendant's rule to show cause. The only point argued is whether or not the verdict rendered in favor of the plaintiff is excessive. The plaintiff was an extra conductor on the line of the West Jersey and Seashore Railroad Company. He was injured while riding a freight car that was being drilled. The freight car was passing over a switching point. The switch became turned so that the front trucks of the car continued on the main track while the rear trucks were diverted to the switch. The result was a derailment of the car. The plaintiff's left hand became jammed in the brake. A fracture of the forearm near the wrist resulted. There were some other minor injuries. The plaintiff was engaged at the time in interstate commerce. The action was instituted under the Federal Employers' Liability act.

The plaintiff placed himself under the care of the defendant's physicians. The break was a bad one. The ulna, one of the two bones in the wrist, was never perfectly joined. The efficiency of the arm has been lessened. The plaintiff cannot do the work which he did. The arm has from fifty to seventy-five per cent. of its normal use. It is useful only in dressing, eating, and in light work. It is conceded to be a permanent disability.

The verdict was $25,000. This is a large verdict even though the injury is a serious one. Within the past few years there have been verdicts for the loss or impairment of an arm of $7,500 or less. The plaintiff in the present case, however, had perhaps greater possibilities as to the future than in the cases referred to. The highest wages the plaintiff had received at the time of the accident would yield approximately $2,700 per annum. It is difficult to say in such a case what amount of compensation is just. If an error is made it perhaps should be made in favor of the plaintiff. We think it can be safely said, however, that this verdict is $7,000 higher than is justi-

fied by precedents. A verdict of $18,000 would, it seems to us, be reasonable and fair. If the plaintiff will, within ten days from the filing of this opinion, enter his written consent to the reduction of the verdict to $18,000 the rule will be discharged. If the said reduction is not consented to within said period, the rule will be made absolute.